**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

In re: National Arbitration Forum
Trade Practices Litigation

Civil No. 10-2122 (PAM/JSM)

**ORDER**

This document relates to:
All Actions

---

This matter is before the Court on several Motions to Alter or Amend filed by objectors to the settlement, and on a Motion to Intervene filed by objector Kevin Weldon. For the reasons that follow, the Court denies all Motions.

The Court granted final approval of the settlement in this class action multi-district litigation on August 8, 2011. (Docket No. 120.) Movants here objected to the Court's approval of the settlement. They filed papers to that effect, and some appeared at the hearing to voice their disapproval. The Court approved the settlement in full, however, finding that the objectors had not established that the settlement was not fair, reasonable, or adequate, as Federal Rule of Civil Procedure 23(e) requires.

**A.     Rule 59(e)**

Objectors Kevin Weldon, Jonathan Miller, Dale Robertson, and Danny Malone (collectively, "Objectors") ask the Court to alter or amend its final approval Order under Federal Rule of Civil Procedure 59(e).[1] "Rule 59(e) motions serve the limited function of

---

[1] There is a serious question as to whether these Objectors have standing to bring a Rule 59(e) Motion, because the Rule provides that "any party" may bring a motion to alter or amend, and non-named class members are not considered parties. The Court will assume for the purposes of this Order only that Objectors have standing to bring their Motions.

correcting manifest errors of law or fact or to present newly discovered evidence." United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006).  A motion under Rule 59(e) "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." Innovative Home Health Care, Inc. v. P.T.-O.T. Assoc. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998).

The Objectors' Motions are not, in fact, seeking to alter or amend the judgment. Rather, their Motions are thinly disguised motions for reconsideration of the Court's previous decision.  They have raised no manifest error of law, nor do they have any newly discovered evidence, that would warrant the relief they seek.  Rather, the Objectors disagree with the Court's decision and would like the Court to revisit that decision.  Absent some serious error or other compelling reason, however, the Court will not do so.  The Rule 59(e) Motions are denied.

**B.     Motion to Intervene**

Nor has Objector Weldon established that he should be allowed to intervene in this matter.  The case is closed, and Weldon offers nothing more than restatements of Rule 24's requirements in support of his Motion.  Moreover, as Plaintiffs point out, Weldon need not intervene in order to have standing to appeal this Court's approval of the settlement.  See Devlin v. Scardelletti, 536 U.S. 1 (2002) (holding that unnamed class member who timely objected to settlement had power to appeal approval of settlement without first intervening).

**CONCLUSION**

The Objectors have not established any manifest error of law or newly discovered evidence that would warrant altering or amending the judgment in this case. Further, Objector Weldon has not established that he is entitled to intervene. Accordingly, **IT IS HEREBY ORDERED** that:

1. Kevin M. Weldon's Motion to Intervene (Docket No. 125) is **DENIED**;

2. Kevin M. Weldon's Motion to Amend or Alter (Docket No. 126) is **DENIED**;

3. Jonathan Miller and Dale Robertson's Motion to Alter, Amend, or Vacate (Docket No. 128) is **DENIED**; and

4. Danny Malone's Motion to Alter, Amend, or Vacate (Docket No. 131) is **DENIED**.

Dated: September 8, 2011

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge